UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PREFERRED MUTUAL INSURANCE COMPANY, Plaintiff | ) ) ) |
| v. | ) ) ) CIVIL ACTION NO. 13-CV-30138-MAP |
| LEONARD C. LODIGIANI, EVINS BRANTLEY, C&K II, LLP, FREDERICK G. WOHLERS, and ADNAN YILDIRIM, Defendants | ) ) ) ) ) |

PLAINTIFF/COUNTERCLAIM DEFENDANT'S MOTION FOR JUDGMENT
ON THE PLEADINGS, OR ENTRY OF SUMMARY JUDGMENT, AS TO
COUNTERCLAIM OF DEFENDANT, C&K II, LLP

Now comes the Plaintiff/Defendant-in-Counterclaim, Preferred Mutual Insurance Company ("PMIC"), and moves the Court for judgment on the pleadings on the Defendant, C&K II, LLP's Crossclaim, pursuant to FED. R. CIV. P. 12(c), or, in the alternative, enter summary judgment on that Crossclaim pursuant to FED. R. CIV. P. 56.

As grounds, the mutual rescission of Leonard Lodigiani's insurance policy, issued by PMIC, is an accomplished fact since the allegations in its Complaint have been conceded as true by Leonard Lodigiani's default. "The First Circuit has repeatedly held that when a default is entered, a court must consider that all of the plaintiff's allegations of fact are true and that his or her claims are established as a matter of law." Estates of Unger and Unger v. Palestinian Authority, 325 F.Supp.2d 15, 23 (D.R.I. 2004), quoting numerous cases. This means the policy is rescinded and void ab initio, with the parties rights as they existed prior to the issuance of the policy. In the case of C&K II, LLP, the existence of no policy means it has no rights against PMIC, either through Mr. Lodigiani or directly.

DENIED, without prejudice, pending limited discovery. Michael A. Ponsor USDJ
12·12·13