UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PREFERRED MUTUAL INSURANCE    *
COMPANY,                      *
                              *
    Plaintiff,                *
                              *
    v.                        *
                              *    Civil Action No. 13-30138-MGM
LEONARD C. LODIGIANI, et al., *
                              *
    Defendant.                *

MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO COMPEL

(Dkt. No. 86)

August 12, 2014

MASTROIANNI, U.S.D.J.

This matter is before the court on the Motion to Compel filed by Defendants C&K II, LLP and Adnan Yildirim (Dkt. No. 86) (collectively "moving defendants").[1] Plaintiff, Preferred Mutual Insurance Company ("PMIC"), has filed an opposition (Dkt. No. 91), to which defendants have replied (Dkt. No. 99). The court heard argument on July 31, 2014,

---

[1] In addition to the two defendants who jointly filed the motion to compel, there are three other individuals who were named as defendants in the plaintiff's complaint: Leonard C. Lodigiani, Evins C. Brantley, and Frederick G. Wohlers. None of these individuals filed answers and the court entered defaults as to each of them (Dkt. No. 18). The court has postponed entry of judgment as to these individuals pending disposition of the case as to the other defendants (Dkt. No. 58).

and this matter is now ripe for adjudication. For the reasons that follow, the Motion to Compel is DENIED.

I.      **Background**

In December 2012, Leonard C. Lodigiani, a Massachusetts licensed Master Plumber, applied for a business liability insurance policy. He completed an application, which included information about the way he operated his business. After submitting the application and paying a premium, Lodigiani was issued a policy by PMIC. After the policy was issued, Lodigiani performed work at a location in South Hadley owned by defendant C&K II and leased to defendant Yildirim. In January 2013, a fire occurred at the South Hadley location, allegedly as a result of negligence on the part of plumbers, including Lodigiani, who had earlier performed plumbing work at the location.

PMIC learned of the fire and hired counsel to represent it, and Lodigiani, in connection with potential claims. Within several months of learning of the potential claims, PMIC decided to seek rescission of the insurance policy issued to Lodigiani based on an alleged misrepresentation by Lodigiani in his application for insurance. PMIC subsequently filed the instant action seeking rescission and declaratory judgment. The court has jurisdiction due to the diversity of the parties. Defendants C&K II and Yildirim are the only two of five named defendants who are actively opposing PMIC.

During discovery defendants took the depositions of two individuals identified by PMIC pursuant to Fed. R. Civ. P. 30(b)(6) and obtained documents from PMIC related to its handling of potential claims connected to the fire. During the deposition of one of the

30(b)(6) witnesses, the witness indicated that PMIC relied, in part, on the advice of counsel in reaching its decision to rescind the policy. At the direction of counsel for PMIC, the witness did not answer when asked what advice counsel provided.

Defendants now assert that they are entitled to discover what advice counsel gave to PMIC related to rescission. To that end, they seek (1) testimony of PMIC regarding its communications with counsel related to its rescission decision, (2) un-redacted versions of documents previously provided with counsel communications redacted, and (3) an order permitting them to depose Attorney Stewart, who is representing PMIC in this action, as well as Joseph Doyle, an attorney appointed by PMIC to represent defendant Lodigiani.[2]

Plaintiff asserts that all communications between PMIC and its counsel regarding the coverage issue are protected by attorney-client privilege and that it has not waived its privilege with respect to these materials.

## II. Standard

Pursuant to Fed. R. Civ. P. 26(b)(1), the parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "In a diversity case involving claims and defenses under state law, state law governs any issue of privilege. Federal district courts sitting in diversity cases must apply the choice of law rules of the forum state: in this case Massachusetts." Command Transp., Inc. v. Y.S. Line (USA) Corp., 116 F.R.D. 94, 95 (D. Mass. 1987). Under Massachusetts law, the party asserting the privilege has the burden of establishing each of the elements involved in the determination

---

[2] In addressing this motion, the court does not consider whether Lodigiani would have greater rights to compel plaintiff to produce the testimony and documents sought by the moving defendants.

3

of the applicability of the privilege, including that the privilege has not been waived. Comm'r of Revenue v. Comcast Corp., 453 Mass. 293, 304, 901 N.E.2d 1185, 1195 (2009).

III.     Discussion

Defendants concede that the testimony and documents it seeks are protected by attorney-client privilege, but argues that plaintiff has waived its privilege by placing the advice of counsel "at issue" in this litigation (Dkt. No. 86 at 1). Specifically, defendants assert plaintiff "has put at issue its knowledge of the existence of the grounds for a rescission claim," by bringing this action and that PMIC's communications with counsel are at issue because PMIC has acknowledged relying on the advice of counsel in reaching its conclusion to file this action (Dkt. No. 87 at 8). " The [attorney-client] privilege ends at the point where the defendant can show that the plaintiff's civil claim, and the probable defenses thereto, are enmeshed in important evidence that will be unavailable to the defendant if the privilege prevails." Greater Newburyport Clamshell Alliance v. Pub. Serv. Co. of New Hampshire, 838 F.2d 13, 20 (1st Cir. 1988).

Plaintiff asserts that it has not placed its communications at issue in this litigation because the substance of its communications with counsel are not relevant to its claim that there are legally sufficient grounds for rescission. Nor have any defenses been raised which implicate PMIC's conduct with respect to bringing this action. In order to prove its claim, PMIC will have to introduce evidence regarding the information Lodigiani provided on his application, his intention in providing that information, the scope of his business

4

arrangements at the time he applied for insurance, and the risk of loss associated with the business arrangements reported to PMIC and his actual business arrangements. MASS. GEN. LAWS ch. 175, § 186. Notably, PMIC will not need to make a showing with respect to its assessment of the various factors, before or after it filed this suit. In the absence a clearly identified claim or defense that involves PMIC's process for deciding to bring this rescission action, rather than the underlying facts relevant to rescission, the court finds that plaintiff has met its burden and established that it has not waived the attorney-client privilege with respect to its communications with counsel.

**IV.    Conclusion**

    For the foregoing reasons, Defendants' Motion to Compel is DENIED.

                                                             /s/ Mark G. Mastroianni
                                                             MARK G. MASTROIANNI
                                                             United States District Judge