UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PREFERRED MUTUAL INSURANCE )
COMPANY, Plaintiff )
 )
v. )
 ) CIVIL ACTION NO. 13-CV-30138-MAP
LEONARD C. LODIGIANI, EVINS )
BRANTLEY, C&K II, LLP, )
FREDERICK G. WOHLERS, and )
ADNAN YILDIRIM, Defendants )

PLAINTIFF'S MEMORANDUM CONCERNING SIGNIFICANCE OF G.L. c.142, § 3B

I. That Statute Would Appear to Only Apply to Partnership, Not Joint Ventures

A joint venture is "a partnership of a sort, or, at least, has many of its characteristics. It differs, however, from a partnership in that it is ordinarily, though not necessarily, limited to a single enterprise, whereas a partnership is usually formed for the transaction of a general business." Cardullo v. Landau, 329 Mass. 5, 8, 105 N.E.2d 843, 845 (1952). See Eastern Elec. Co. v. Taylor Woodrow Blitman Const. Corp., 11 Mass. App. Ct. 192 (1981) ("The exact nature of [a joint venture] relationship has never been precisely defined in our decisions and we make no attempt to do so now. For present purposes, it is sufficient to state that it resembles a partnership and has many of its attributes" quoting Mendelsohn v. Leather Mfg. Corp., 326 Mass. 226, 233, 93 N.E.2d 537 (1950).

II. The Evidence of Splitting Profits as Prima Facie Evidence of a Partnership Does Not Have among its Exceptions the Statute Cited by the Defendants

Under Massachusetts law, G.L. c. 108A, Sec. 7(4), "[t]he receipt by a person of a share

1

of the profits of a business is prima facie evidence that he is a partner in the business, but no inference shall be drawn if such profits were received in payment (a) of a debt by installment or otherwise, (b) as wages by an employee or rent to a landlord, ( c) as an annuity to a widow or representative of a deceased partner, (d) as interest on a loan, though the amount of payment vary with the profits of the business, (e) as consideration for the sale of good will of the business by instalments or otherwise."

> III. Even If the Agreement to Be Partners Were Illegal, under Present Circumstances its Illegality Does Not Affect the Plaintiff's Rights

Whether an agreement is an "illegal contract" depends on all the relevant circumstances, including:

> the nature of the subject matter of the contract ... the extent of the illegal behavior ... [whether] that behavior [was] a material or only an incidental part of the performance of the contract ... the strength of the public policy underlying the prohibition; how far ... effectuation of the policy [would] be defeated by denial of an added sanction; how serious or deserved would be the forfeiture suffered by the plaintiff, how gross or undeserved the defendant's windfall.

Town Planning & Engineering Assoc. v. Amesbury Specialty Co., 369 Mass. 737, 745 (1976).

That a contract is unenforceable because it is illegal or in violation of public policy is an affirmative defense which must be proven by the defendant. Hastings Associates v. Local 369 Bldg. Fund, 42 Mass. App. Ct. 162, 173 (1997); Wasserman v. Roach, 336 Mass. 564, 568 (1958), citing cases. Courts do not go out of their way to discover some illegal element in a contract or to impose hardship upon the parties beyond that which is necessary to uphold the policy of the law. Nussenbaum v. Chambers & Chambers Inc., 322 Mass. 419, 422 (1948). The application of those factors in a particular case is committed to the judge's discretion. Fedenyszen v.

2

Pollano, 1997 Mass. App. Div. 97, 99.

Although, as a general rule, courts will neither aid in the enforcement, nor afford relief against the consequences, of an illegal contract where the parties are in equal fault, Council v. Cohen, 303 Mass. 348, 354 (1939); Berman v. Coakley, 243 Mass. 348, 350 (1923), illegality *per se* does not automatically render the contract unenforceable. Joffe v. Wilson, 381 Mass. 47, 56 (1980); Starr v. J. Abrams Construction Co., 16 Mass. App. Ct. 78-79 (1983); BayBank v. DiRico, 1996 Mass. App. Div. 30, 32.

        PREFERRED MUTUAL INSURANCE
        COMPANY, Plaintiff

        By /s/ John B. Stewart
        JOHN B. STEWART (BBO #551180)
        MURPHY & MANITSAS, LLP
        20 Maple Street, Suite 301
        Springfield, MA 01103
        Ph. (413) 733-4402 x105
        Fax (413) 733-4403
        E-mail: TheTrialer@aol.com

## CERTIFICATE OF SERVICE

I certify that a true copy of the within document was filed through the ECF system and will be sent electronically to the registered participants as identified on the notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on April 7, 2015.

        /s/ John B. Stewart
        JOHN B. STEWART (BBO