UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PREFERRED MUTUAL INSURANCE | * | |
| COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 13-30138-MGM |
| LEONARD C. LODIGIANI, et al., | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION FOR ATTORNEY'S FEES

(Dkt. No. 162)

July 8, 2015

MASTROIANNI, U.S.D.J.

Plaintiff, Preferred Mutual Insurance Company ("PMIC"), brought this action seeking a determination that the insurance policy it issued to Defendant, Leonard Lodigiani ("Lodigiani"), was rescinded or, in the alternative, provided no coverage in connection with a certain fire that occurred in 2012 at a site where Lodigiani had performed plumbing work. Following a four-day trial, a jury found in favor of Lodigiani. Now before the court is Lodigiani's Motion for Attorney's Fees in the amount of $43,712.

A. <u>Lodigiani's Entitlement to Attorney's Fees</u>

Under Massachusetts law, when an insured and insurer engage in litigation "regarding the latter's duty to defend" and the "insured successfully establishes an insurer's duty to defend," the insured "'is entitled to the reasonable attorney's fees and expenses incurred in successfully establishing the insurer's duty to defend under the policy.'" <u>Wilkinson v. Citation Insurance Co.</u>, 856 N.E.2d 829, 835 (Mass. 2006) (quoting <u>Preferred Mutual Insurance Co. v. Gamache</u>, 686 N.E.2d 989 (Mass. 1997). This is true even if the insurer files the action seeking declaratory judgment and continues to provide a defense to the insured while the declaratory judgment action is resolved. <u>Id.</u> at 835-36. Attorney's fees are not available to an insured if the litigation concerns the insurer's duty to indemnify a loss <u>Id.</u> at 831.

Unsurprisingly, Lodigiani characterizes this case as one involving the duty to defend, while PMIC suggests this case instead involves the scope of its duty to indemnify a loss. Both in seeking rescission of the insurance policy and, in the alternative, asking the court to find the terms of the policy would not cover any loss, PMIC sought a judgment that would end its duty to defend Lodigiani before his tort liability was actually established. As the Massachusetts Supreme Judicial Court explained in <u>Wilkinson</u>, the "meaningful difference" between the duty to defend and the duty to indemnify is in the timing; disputes related to the duty to indemnify "arise[] only after the insured's liability has been established." <u>Id.</u> at 836.

Here, PMIC is in a position comparable to that of the insurance company in <u>Hanover Insurance Co. v. Golden</u>, 766 N.E.2d 838 (Mass. 2002). In <u>Golden</u>, the insurer paid defense costs related to an insured's claim and separately filed an action seeking a judicial declaration

that its obligation to defend the insured would end upon its payment of the policy limit, but prior to the insured's liability being established. Id. The insurer in Golden continued to pay for the insured's defense in the underlying litigation while the action for declaratory judgment was resolved, just as, in this case, PMIC has continued to pay for the defense costs in the underlying tort action. Id. The trial court initially ruled that the insured was not entitled to attorney's fees in Golden because the insurer had not acted in bad faith or breached the terms of the insurance contract. Id. On appeal, however, the Massachusetts Supreme Judicial Court clarified that an insured was entitled to attorney's fees in an action that established an insurer's duty to defend even if the insurer did not breach or act in bad faith. Id. In this action, PMIC sought a judgment that would end its duty to defend prior to any liability of the insured having been established, bringing it within the universe of duty to defend cases and entitling Lodigiani to attorney's fees once the jury ruled in his favor.

   B. Amount of Attorney's Fees

      Having determined that Lodigiani is entitled to recover attorney's fees incurred, the court next considers the reasonable amount of attorney's fees to award in this case. The court uses the "lodestar method" – "multiplying the total number of hours reasonably spent by a reasonable hourly rate." Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984). The hourly rate of $325 charged by Lodigiani's counsel is supported by an affidavit from a local practitioner not involved with this case, and the court finds the rate, though perhaps a bit high for the Springfield market, not unreasonably so. The complaints PMIC makes as to certain entries are minor. The bill contains very few lengthy entries with general descriptions, and the entries that do appear describe reviews of large volumes of material

during either the week when Lodigiani's counsel entered his appearance in this case or directly prior to trial. In the context of the entire bill, the court finds nothing unreasonable about these entries.

Having determined that Lodigiani is entitled to an award of attorney's fees and that the hourly rate and hours reported are both reasonable, the court ALLOWS Lodigiani's Motion for Attorney's Fees in the amount of $43,712.

It is So Ordered.

_/s/ Mark G. Mastroianni_____

MARK G. MASTROIANNI

United States District Judge