UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CONTINENTAL WESTERN | * | |
| INSURANCE COMPANY, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 14-cv-14226-MGM |
| PREFERRED MUTUAL INSURANCE | * | |
| COMPANY, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER ON

(Dkt. Nos. 64, 76)

October 26, 2016

MASTROIANNI, U.S.D.J.

### I.   INTRODUCTION

Continental Western ("Plaintiff" or "Continental") brings this suit against Preferred Mutual Insurance Company ("Defendant" or "Preferred Mutual") pursuant to Massachusetts General Laws, Chapters 93A and 176D, alleging "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Gen. Laws ch. 93A § 2(a). (Dkt. No. 1). Plaintiff alleges Preferred Mutual engaged in unfair and deceptive trade practices by filing claims against Plaintiff's insured "without conducting a reasonable investigation based upon all available

information." Mass. Gen. Laws ch. 176D § 3(9). (Dkt. No. 1). Defendant has moved for summary judgment, arguing there is no genuine issue of material fact as to the reasonableness of its investigation and that, as a matter of law, its conduct does not rise to the level of an unfair or deceptive trade practice.

## II.   FACTS

As the parties are familiar with the facts, the court begins its discussion with the applicable standard.

## III.   STANDARD

Summary judgment is appropriate where a movant demonstrates no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 447 U.S. 317, 322 (quoting Fed. R. Civ. P. 56(c)). A fact is material if it could persuade a reasonable jury to return a verdict for the nonmovant, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), and presents a genuine issue if it might "sway the outcome of the litigation under applicable law." *Vineberg v. Bissonnette*, 548 F.3d 50, 56 (1st Cir. 2008). A movant is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex*, 447 U.S. at 322–23.

## IV.   DISCUSSION

The court will deny Defendant's motion for summary judgment. Material statements in the record suggest the investigation on which Defendant premised its prior suits against Lodigiani might have been unreasonable insofar as it was not "based upon all available facts." Mass. Gen. Laws ch. 176D § 3(9). Among these statements are those made to Ray Kagels, Defendant's liability claims

specialist, by John Stewart, an attorney retained by Defendant to assess the viability of a potential rescission claim. These statements include, but are not limited to, the following: "The evidence that Mr. Lodigiani was actually engaged in a partnership with Elvins [sic] Brantley appears thin." (Dkt. No. 67); "[Preferred Mutual] would have difficulty in sustaining the burden of proving Mr. Lodigiani was involved in a partnership with Elvins [sic] Brantley." (Id.); "[T]he law is clear, it is the facts that are in short supply." (Id.); "It is likely we must ignore facts that cut against coverage and give Mr. Lodigiani the benefit of the disputed facts, among them his assertion he was not in a partnership." (Id.) There are issues of material fact that exist and any follow up investigation after the above referenced statements does not sufficiently change the court's view to warrant judgment as a matter of law.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Dkt. No. 64) is hereby DENIED.

Defendant has also filed a Motion to Strike (Dkt. No. 76) certain paragraphs contained in Plaintiff's Counter-Statement of Material Facts. (Dkt. No. 70). The Defendant's Motion to Strike is hereby GRANTED. Summary judgment is nonetheless inappropriate as there is sufficient alternative evidence to demonstrate a genuine issue of material fact.

It is So Ordered.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge